UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-                    13 Cr. 795-2(RWS)

                                        SENTENCING
MONA SOLIMAN,                        OPINION

                           Defendant.

------------------------------------------X

**Sweet, D.J.**

On January 29, 2015, Mona Soliman ("Defendant" or "Soliman") pleaded guilty to conspiracy to commit wire fraud. Based on the conclusions set forth below, Soliman will be sentenced to 33 months' imprisonment followed by three (3) years' supervised release, subject to the scheduled sentencing hearing on July 7, 2017.

**Prior Proceedings**

Soliman is named in a one-count information filed in the Southern District of New York on October 30, 2013. Count One charges that from November 2004 to June 2007, in the Southern District of New York and elsewhere, Soliman, along with co-

1

defendants Ryan Knights ("Knights") and Jordan Kapchan ("Kapchan"), conspired together and with others to violate 18 U.S.C. § 1343 by causing fraudulently obtained loan funds to be transferred via interstate wires, in violation of 18 U.S.C. § 1349.

Soliman was arrested on October 30, 2014, and on January 29, 2015, she appeared before the Honorable Sarah Netburn and allocuted to her criminal conduct as charged in Count One.

Soliman is scheduled to be sentenced on July 6, 2017.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed —

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for —
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

At all relevant times, Mona Soliman operated a mortgage brokerage business known as "The Mortgage Specialists," and Jordan Kapchan was an attorney who maintained a bank account at HSBC Bank which he used in connection with the settlement of real estate transactions (the "Kapchan Account").

From at least November 2004 up to and including June 2007, Soliman and others participated in a scheme to fraudulently obtain loans from various lending institutions (the "lenders") that were used to purchase or refinance residential properties. Through this scheme, the Defendants fraudulently obtained loans with a total face value of over $2.2 million.

4

The scheme operated as follows: Soliman and others recruited individuals to act as nominal purchasers ("straw purchasers") or properties and to obtain loans used to purchase or refinance said properties, when Soliman and her co-conspirators knew that Knights and other co-conspirators – rather than the straw purchasers – would maintain beneficial ownership of the properties. Soliman and others intentionally caused documents containing false information regarding the straw purchasers' employment, income, assets, and intended use of the property to be submitted to lenders in order to induce the lenders to make loans. Soliman and others then caused fraudulently-obtained loan funds to be transferred via interstate wires to the Kapchan Account. Upon receipt of the loan funds, Kapchan, acting as a settlement agent, distributed portions of the proceeds to, among others, Knights and Soliman.

**The Relevant Statutory Provisions**

For Count One of the Information, to which Soliman pleaded guilty, the maximum term of imprisonment is 20 years and the maximum fine is $250,000. 18 U.S.C. §§ 1343, 1349, 3571(b). The offense is a Class C Felony. 18 U.S.C. § 3559. A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The Court may

5

impose a term of supervised release of at most three years. 18 U.S.C. § 3583(b)(2). The defendant is not eligible for probation. 18 U.S.C. § 3561(a)(2).

**The Guidelines**

The 2016 edition of the United States Sentencing Commission Guidelines Manual, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

The Guideline for 18 U.S.C. § 1349 is found in U.S.S.G. § 2X1.1. Pursuant to 2X1.1(a), the substantive offense – in this case, wire fraud – is used when determining the offense level. The Guideline for wire fraud is found in U.S.S.G. § 2B1.1. Pursuant to that section, the base offense level is seven. U.S.S.G. § 2B1.1(a)(1). Because the loss was more than $1.5 million but less than $3.5 million, a 16-level enhancement is applicable. U.S.S.G. § 2B1.1(b)(1)(I). The total offense level for Count One is 23.

Because Soliman has demonstrated acceptance of responsibility for the offense and because she gave timely notice of her intention to enter a guilty plea, a two-level

6

sentence reduction pursuant to Section 3E1.1(a) applies and a one-level reduction pursuant to Section 3E1.1(b) applies. The total combined offense level is 20.

Soliman has no criminal history points; therefore, the Criminal History Category is I.

Based on the total offense level of 20 and a Criminal History Category of I, the Guideline imprisonment range is 33 to 41 months. U.S.S.G. Ch. 5, Pt. A. As Count One is a Class C felony, the Guideline range for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2). Soliman is ineligible for probation. U.S.S.G. §§ 5B1.1(b)(2).

The fine range identified in the Guidelines is $7,500 to $750,000. U.S.S.G. §§ 5E1.2(c)(3) and 5E1.2(h)(1).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the Government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol

treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $88, a monthly cost of $2,665, and an annual cost of $31,976 for imprisonment.

Restitution is required in the amount of $1,089,575.74. 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report, the Court will impose a sentence within the Guidelines range.

8

**The Sentence**

For the instant offenses, Mona Soliman shall be sentenced to 33 months' imprisonment.

The term of imprisonment shall be followed by a term of three years of supervised release. As mandatory conditions of her supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

(4)  Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1)  The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the Defendant is in compliance with the installment payment schedule.

(2)  The Defendant shall provide the probation officer with access to any requested financial information.

(3)  The Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(4)  The Defendant shall be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

It is ordered that the Defendant make restitution in the amount of $1,089,575.74 to the victims in this case, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries. Any payment made by the Defendant shall be divided among the persons named in proportion to their compensable injuries. Restitution is due joint and severally with Jordan Kapchan and Ryan Knights, and should be made payable to the Clerk, U.S. District Court.

The Court finds that the following victims have suffered injuries compensable under the Victim and Witness Protection Act in the amounts indicated:

| Lender | Lender's Address | Property | Potential Loss Amount |
| --- | --- | --- | --- |
| Bank of America | 100 North Tryon St, Charlotte, NC 28255 | 59 Ralph Avenue, Brooklyn, NY | $340,352.42 |
| One West Bank | 888 East Walnut St Pasadena, CA 91101 | 59 Ralph Avenue, Brooklyn, NY | $145,973.32 |
| Penny Mac Loan Services | 6101 Condor Drive, Moorpark, CA 93021 | 1118 Putnam Ave, Brooklyn, NY[3] | $508,000.00 |

10

| | | | |
|---|---|---|---|
| Cadle Company | 100 North Center Street, Newton Falls, OH 44444 | 1118 Putnam Ave, Brooklyn, NY[1] | $95,250.00 |

Total: $1,089,575.74

The restitution shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after the release from custody.

If the Defendant is engaged in a BOP non-UNICOR work program, the Defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the Defendant participates in the BOP's UNICOR program as a grade 1 through 4, the Defendant shall pay 50% of her monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11.

The Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

---

[1] Per the FBI, losses associated with 1118 Putnam Ave could potentially change if the property is sold by the 1st lien holder.

Defendant shall forfeit her interest in any assets obtained via commission of the instant offense.

Because restitution is of higher priority, no fine is ordered in this case.

Defendant is eligible for voluntary surrender.

It is so ordered.

**New York, NY**
**June 23 , 2017**

_____
ROBERT W. SWEET
U.S.D.J.